UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT FLEMING, JOHN OESTREICH, AND DEREK EDWARDS | § § § § | |
| PLAINTIFFS, | § § | CIVIL ACTION NO. |
| VS. | § § | 4:08-CV-100 |
| FRISCO FAMILY SERVICES CENTER, INC. | § § § | |
| DEFENDANT. | § § § | |

**DEFENDANT'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Frisco Family Services Center, Inc. ("FFSC"), Defendant in the above entitled and numbered cause and subject to its Motion to Abate, Motion to Sever, and Brief in Support, files this, its Answer and Affirmative Defenses to the Amended Complaint filed by Robert Fleming, John Oestreich, and Derek Edwards (hereinafter "Plaintiffs").

**I.   PARTIES**

1. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averment contained in Paragraph 1 of the Complaint and therefore, denies the same.

2. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averment contained in Paragraph 2 of the Complaint and therefore, denies the same.

3. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averment contained in Paragraph 3 of the Complaint and therefore, denies the same.

4. Defendant admits that it is a non-profit corporation organized in the state of Texas and based in Frisco, Texas. Defendant further admits that service of process was proper.

## II. JURISDICTION AND VENUE

5. Defendant admits that this Court has jurisdiction over Plaintiffs' claims since they allege violations of Federal law.

6. Defendant admits that venue is proper as to the Eastern District of Texas, Sherman Division.

## III. FACTS SUPPORTING PLAINTIFFS' CLAIMS

7. Defendant admits the allegation contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegation contained in Paragraph 8 of the Complaint.

9. Defendant admits that Mary Ellen Loughren is a board member for FFSC and that Ms. Loughren served as Vice President and as Chair of the Frisco Resale Committee. Defendant further admits that Ms. Loughren regularly volunteers at Frisco Resale. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 9 of the Complaint that Mr. Oestreich met Ms. Loughren shortly after beginning employment with Defendant and therefore,

denies same. Defendant denies the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that on or about December 12, 2007, Mr. Oestreich contacted his supervisor, Jill Cumnock, regarding Ms. Loughren's presence at Frisco Resale. Defendant denies the remainder of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Mr. Oestreich hired Mr. Fleming on or about June 4, 2007, as the Assistant Manager of the Resale Store.

12. Defendant admits that Mr. Oestreich hired Mr. Edwards on June 18, 2007, and that Mr. Oestreich, Mr. Fleming, and Mr. Edwards all regularly worked with Ms. Loughren. Defendant denies the remainder of the allegations contained in Paragraph 12.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 9 of the Complaint that Mr. Fleming met Ms. Loughren shortly after beginning employment with Defendant and therefore, denies same. Defendant denies the remainder of the remainder of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that, on or about September or October 2007, Ms. Loughren observed a vehicle parked on the side of the Frisco Resale building where donations are accepted and processed. Defendant further admits that Ms. Loughren inquired as to the owner of the vehicle and learned that the vehicle belonged to Mr. Fleming. Defendant denies the remainder of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that Mr. Oestreich and Mr. Fleming were not operating the donation line at Frisco Resale correctly. Defendant denies the remainder of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits that Mr. Oestreich, Ms. Cumnock, Ms. Loughren, and FFSC Board President Paula Ouellette participated in a meeting on December 13, 2007. Defendant further admits that Mr. Fleming arrived to the meeting with Mr. Oestreich. Defendant denies the remainder of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that Mr. Fleming arrived to the meeting with Mr. Oestreich and that Mr. Fleming was asked to remain outside the room in which Ms. Cumnock, Ms. Loughren, and Ms. Ouellette met with Mr. Oestreich. Defendant further admits that Ms. Cumnock, Ms. Loughren, and Ms. Ouellette discussed with Mr. Oestreich his mismanagement of Frisco Resale. Defendant denies the remainder of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that Ms. Cumnock, Ms. Loughren, and Ms. Ouellette did not meet with Mr. Fleming on December 13, 2007. Defendant denies the remainder of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits that, on or about December 13, 2007, Mr. Oestreich informed Ms. Cumnock that he planned to resign his position in February 2008. Defendant further admits that, on or about December 19, 2007, Mr. Oestreich provided Ms. Cumnock with a proposed separation agreement and informed Ms. Cumnock that his last day of work would be February 28, 2008. Defendant denies the remainder of the allegations contained Paragraph 22 of the Complaint.

23. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore, denies same.

24. Defendant admits that, on or about December 19, 2007, Ms. Loughren observed Mr. Fleming moving a table used for sorting clothes received by donors and that Ms. Loughren asked Mr. Fleming why he was moving the table since the table would not fit in the area where Mr. Fleming was attempting to move it. Defendant further admits that Mr. Fleming responded that he listened only to Mr. Oestreich's directives. Defendant further admits that Mr. Oestreich was not present at Frisco Resale at the time. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint pertaining to conversations between Mr. Oestreich and Mr. Fleming and therefore, denies same. Defendant denies the remainder of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits that Ms. Loughren informed Ms. Cumnock of the conversation that occurred between Ms. Loughren and Mr. Fleming, as set forth in Paragraph 24 above. Defendant further admits that Ms. Cumnock relayed the

information to Mr. Oestreich. Defendant denies the remainder of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits that, following Mr. Fleming's termination, Mr. Oestreich called Ms. Cumnock to request a meeting between Ms. Cumnock and Mr. Fleming. Defendant admits that Ms. Cumnock initially agreed to meet with Mr. Fleming but then refused to meet with Mr. Fleming out of fear for her personal safety. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint pertaining to conversations between Mr. Oestreich and Mr. Fleming and therefore, denies same. Defendant denies the remainder of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits that, following a discussion with Ms. Cumnock, at which time it was agreed that Mr. Fleming should be terminated due to a recent incident of insubordination and due to continued performance problems, Mr. Oestreich terminated Mr. Fleming on December 19, 2007.

28. Defendant admits that FFSC's Business Services Manager Ron Adamo spoke with Mr. Fleming after his termination. Defendant denies the remainder of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits that Ms. Cumnock and Ms. Ouellette informed Mr. Oestreich that FFSC was accepting his voluntary resignation, effectively immediately on or about December 30, 2007. Defendant further admits that, at the time Mr. Oestreich tendered his resignation on or about December 19, 2007, Mr. Oestreich provided Ms. Cumnock with a proposed separation agreement and informed Ms. Cumnock that his last day of work would be February 28, 2008. Defendant further

admits that FFSC did not agree to the separation agreement proposed by Mr. Oestreich. Defendant denies the remainder of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits that, following Mr. Oestreich's resignation, Ms. Loughren assumed the position of interim store manager for Frisco Resale until a permanent replacement could be hired. Defendant denies the remainder of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits that Ms. Loughren, as interim store manager, and assistant store manager Billie Morrow informed Mr. Edwards of his termination on January 11, 2008. Defendant admits that Mr. Edwards is black but denies that his termination was because of his race. Defendant further admits that the FFSC Board collectively decided to terminate Mr. Edwards because the position for which Mr. Oestreich had hired him, that of sales floor supervisor, never existed as a job position at Frisco Resale and was not needed and because of performance problems. Defendant further admits that it did not offer another job position for Mr. Edwards at the time of his termination. Defendant denies the remainder of the allegations contained in Paragraph 31 of the Complaint.

## IV. STATEMENT OF CLAIMS

*RACIAL DISCRIMINATION UNDER 42 U.S.C. §1981 AND 42 U.S.C. §2000e-2: OESTREICH & EDWARDS*

32. Defendant restates and incorporates its responses to Paragraphs 1 through 31 above as though fully stated herein.

33. The statements in Paragraph 33 are legal recitations to which no response is required.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits that Ms. Loughren is a board member for FFSC and that Ms. Loughren served as Vice President and as Chair of the Frisco Resale Committee. Defendant further admits that the FFSC Board collectively decided to terminate Mr. Edwards because the position for which Mr. Oestreich had hired him, that of sales floor supervisor, never existed as a job position at Frisco Resale and was not needed and because of performance problems. Defendant further admits that it did not offer another job position for Mr. Edwards at the time of his termination. Defendant denies the remainder of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint. Defendant denies that Plaintiffs suffered or continue to suffer any damages as a result of Defendant's actions.

37. Defendant denies the relief sought in Paragraph 37 of the Complaint.

## RETALIATION UNDER 42 U.S.C. §1981 AND 42 U.S.C. §2000e-3: OESTREICH, FLEMING & EDWARDS

38. Defendant restates and incorporates its responses to Paragraphs 1 through 37 above as though fully stated herein.

39. The statements in Paragraph 39 are legal recitations to which no response is required.

**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES- 8**
2465845.2/SP/17116/0102/052208

40. Defendant admits that Ms. Cumnock, Ms. Ouellete, and/or Ms. Loughren informed Mr. Oestreich that he was not managing Frisco Resale properly. Defendant further admits that, following Mr. Oestreich's resignation, Ms. Loughren assumed the position of interim store manager for Frisco Resale. Defendant denies the remainder of the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint. Defendant denies that Plaintiffs suffered or continue to suffer any damages as a result of Defendant's actions.

42. Defendant denies the relief sought in Paragraph 42 of the Complaint.

## V. REMEDIES

43. Defendant denies the relief sought by Plaintiffs in the Prayer of the Complaint, including subparts (a) through (e).

## VI. JURY TRIAL DEMAND

44. Defendant admits that Plaintiffs have demanded a trial by jury in this matter.

## VII. CONDITIONS PRECEDENT

45. Defendant admits that Plaintiffs filed Charges of Discrimination with the Texas Workforce Commission, Civil Rights Division and the U.S. Equal Employment Opportunity Commission. Defendant denies the remainder of the allegations contained in Paragraph 45 of this Complaint.

## VIII. PRAYER

46. Defendant denies all of the relief sought by Plaintiffs in the Prayer section of the Complaint.

## IX. AFFIRMATIVE DEFENSES

47. To the extent Mr. Fleming seeks to assert a claim a race discrimination under Title VII of the Civil Practices Act of 1964, Defendant affirmatively asserts that Mr. Fleming failed to exhaust his administrative remedies and claims not submitted to the Texas Workforce Commission Civil Rights Division ("TWCCRD") in a timely charge of discrimination are barred.

48. Mr. Oestreich failed to meet the administrative prerequisites necessary to file some, or all, of the claims contained in the Complaint.

49. Plaintiffs fail to state any claim upon which relief can be granted.

50. To the extent applicable, Defendant affirmatively states that claims predicated upon conduct occurring more than 300 days prior to the filing of a charge of discrimination with the EEOC and the TWCCRD are time barred and that Plaintiffs failed to exhaust their administrative remedies as to those alleged actions.

51. To the extent applicable, Defendant affirmatively states that claims not submitted to the EEOC or TWCCRD in a timely charge of discrimination are barred because of Plaintiffs' failure to exhaust their administrative remedies.

52. To the extent applicable, Defendant affirmatively states that claims not timely brought within 90 days of Plaintiffs' receipt of an EEOC right-to-sue notice are time-barred.

53. To the extent applicable and without admitting Plaintiffs suffered any damages, Defendant affirmatively states that Plaintiffs have failed to mitigate their alleged damages.

54. Defendant affirmatively states that, to the extent applicable, some of Plaintiffs' claims are barred by the statute of limitations.

55. To the extent applicable and without admitting Plaintiffs suffered any damages, Plaintiffs' alleged damages are limited by the exemplary damages cap found in Chapter 41 of the Texas Civil Practice & Remedies Code and the excessive fines clause of the Eighth Amendment, Fourteenth Amendment, and the Due Process Clause of the United States Constitution.

56. To the extent applicable and without admitting Plaintiffs suffered any damages, Defendant would show that Plaintiffs' alleged damages are subject to a statutory limit.

57. To the extent applicable and without admitting Plaintiffs suffered any damages, Defendant would show that the alleged damages recoverable must be reduced by the amount of money Plaintiffs received from any source subsequent to the termination of their employment relationship.

58. To the extent applicable and without admitting Plaintiffs suffered any damages, Defendant would show that Plaintiffs cannot recover damages for any period of time in which they did not make a reasonable effort to find comparable employment.

59. To the extent applicable and without admitting that Plaintiffs suffered any damages, Defendant would show that Plaintiffs cannot recover damages for any period of time after which it was discovered by Defendant that Plaintiffs had previously violated

policies, which violation(s), if known by Defendant at the time they occurred, would have resulted in termination of Plaintiffs' employment. Defendant would show that such recovery is barred by the after-acquired evidence doctrine.

60. At all times during Plaintiffs' employment with Defendant, Plaintiffs were at-will employees and employed for an indefinite period and could be discharged with or without notice and with or without cause.

61. All decisions, if any, relating to the employment of Plaintiffs were made in good faith and based on factors other than those prohibited by federal and/or state law.

62. To the extent applicable and without admitting that Plaintiffs suffered any damages, none of the Defendant's alleged actions were done knowingly, intentionally, with malice, with specific intent to cause injury, and/or with reckless indifference to Plaintiffs' rights.

63. Defendant asserts that Plaintiffs' own acts or omissions caused or contributed to Plaintiffs' injuries, if any.

64. To the extent applicable and to the extent that certain supervisors and/or managers might have engaged in inappropriate or unlawful action, the fact of which is expressly denied, such conduct is outside the course and scope of their employment and the Defendant cannot be vicariously liable for such actions or conduct, if any.

65. Defendant denies that all conditions precedent were performed or have occurred.

66. As the prevailing party, Defendant affirmatively seeks recovery of its costs and of its reasonable and necessary attorneys' fees. Further, Defendant is entitled to

recover its costs and necessary attorneys' fees incurred in the defense of this action because Plaintiffs' claims are frivolous, unreasonable, or groundless.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that upon final hearing hereof, judgment be rendered and that Plaintiffs take nothing by their suit and that Defendant be permitted to go hence without delay and recover the costs expended on its behalf. Defendant further prays for such other and further relief, both legal and equitable, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ Hawkins

PAUL L. MYERS
STATE BAR NO. 14765100
TIFFANY HAWKINS
STATE BAR NO. 24050734
STRASBURGER & PRICE, LLP
2801 NETWORK BOULEVARD
SUITE 600
FRISCO, TEXAS 75034
469.287.3900
469.287.3999 Fax

***ATTORNEYS FOR DEFENDANT
FRISCO FAMILY SERVICES CENTER, INC.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael E. Coles
Dustin A. Paschal
The Coles Firm P.C.
One Energy Square
4925 Greenville Ave.
Suite 1250
Dallas, Texas 75206
214-443-7860
972-692-7145 (fax)

_____
Tiffany L. Hawkins

**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES- 14**
2465845.2/SP/17116/0102/052208