IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT FLEMING, JOHN OESTREICH, and DEREK EDWARDS, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:08-CV-100 |
| vs. | § § § | |
| FRISCO FAMILY SERVICES CENTER, INC. | § § § | Jury Demanded |
| Defendant. | § § | |

## PLAINTIFFS' SUR-REPLY TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Plaintiffs Robert Fleming (hereinafter "Fleming"), John Oestreich (hereinafter "Oestreich"), and Derek Edwards (hereinafter "Edwards") (hereinafter collectively referred to as "Plaintiffs") and file this Sur-Reply to Defendant Frisco Family Services Center Inc.'s (hereinafter "Defendant" or "FFSC") Reply Memorandum in Support of Its Motion to Sever (hereinafter "Defendant's Reply"). Plaintiffs understand Defendant's Reply has not been filed with this Court and Local Rule CV-7(f) allows this Court to rule on Defendant's Motion to Sever without waiting for a Reply or Sur-reply. Should this Court, however, grant Defendant's Motion for Leave and accept Defendant's Reply as timely filed under Local Rule CV-7(f), Plaintiffs now submit this Sur-Reply enabling this Court to rule on Defendant's Motion promptly. Accordingly, Plaintiffs would show this Court as follows:

In determining whether to sever a claim under Fed. R. Civ. P. 21 courts will examine: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common question of law or fact; (3) whether the settlement of the claims or judicial

economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *See Disparate v. Corporate Executive Board*, 223 F.R.D. 7, 12 (D.D.C. 2004); *Wausau Business Insurance Co. v. Turner Construction Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001); *Acevedo Garcia v. Vera Monroig*, 204 F.R.D. 26, 30 (D. Puerto Rico 2001).

Plaintiffs' Response to Defendant's Motion to Sever previously showed why this Court should not sever Plaintiffs' claims; namely, because Plaintiffs' claims arise out of the same occurrence, present common questions of law and fact, would facilitate judicial economy if adjudicated together, and will involve the same witnesses. *See* Plaintiffs' Response to Defendant's Motion to Sever (Dkt. #11). Rather than address the dispositive Rule 21 factors, Defendant's Reply raises "me, too" evidence and alleges Plaintiffs' claims, if presented at one trial, will substantially prejudice Defendant. *See* Defendant's Motion for Leave, Attachment #1 (Dkt. #15), at p. 5, §§ 10 and 11. At this time, jury confusion and inadmissible evidence have no bearing on Defendant's Motion to Sever. Specifically, until discovery unearths evidence for trial, this Court is not positioned to rule on Defendant's hypothetical jury confusion claims.

The Supreme Court recently held evidence of alleged employment discrimination suffered by employees other than the plaintiff, so-called "me, too" evidence, is neither *per se* inadmissible nor *per se* admissible. *Sprint/United Management Co. v. Mendelsohn*, 128 S.Ct. 1140, 1142 (2008). Rather, "me, too" evidence admissibility is a **<u>fact-intensive</u>**, context-specific matter and depends on many factors, "including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Id.* at 1147. Without discovery, this Court can not make a **<u>fact-intensive</u>** inquiring on the admissibility of evidence or whether the probative value is substantially outweighed by any prejudicial effect.

This Court previously ruled severance is inappropriate until discovery ends. *See MyMail, Ltd. v. American Online, Inc.*, 223 F.R.D. 455, 457 (E.D. Tex. 2004). Severance under FRCP 21 "decrease[s] judicial efficiency by requiring duplicitous claim constructions, discovery, and pretrial motions." *Id.* at 458. Although FRCP 21 states "[a]ny claim against a party may be severed and proceeded with separately," at a minimum this Court should wait until discovery ends before re-addressing any questions of severing claims or parties. Once the parties complete discovery, this Court can consider fully a Motion to Sever under FRCP 21 or a Motion for Separate Trials under FRCP 42(b). *See id.* at 457.

WHEREFORE, in light of the foregoing, Plaintiffs request this Court deny Defendant's Motion to Sever.

    Respectfully submitted,

/s/ Paul W. Simon_____
Michael E. Coles, Lead Attorney
State Bar No. 24007025

Dustin A. Paschal
State Bar No. 24051160

Paul W. Simon
State Bar No. 24060611

THE COLES FIRM P.C.
One Energy Square
4925 Greenville Ave., Suite 1250
Dallas, Texas 75206
(214) 443-7860 (Office)
(972) 692-7145 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS ROBERT FLEMING, JOHN OESTREICH, AND DEREK EDWARDS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2008, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

    Tiffany L. Hawkins, Michael E. Coles, and Dustin A. Paschal

                                        /s/ Paul W. Simon_____
                                        Paul W. Simon